IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HERMAN DANNY DEAN, JR., | * | |
| Petitioner, | * | CASE NO. 4:06-CV-5 CDL |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 4:04-CR-30 CDL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Dean was indicted in this court on June 23, 2004, together with another person for bank robbery by force or violence, in violation of 18U.S.C. § 2113 (a) and (d), Count I, and in Count II, using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (R-1).

On September 23, 2004, after a three day trial, a jury returned a verdict of guilty against Petitioner on both counts. (R-21). Subsequent to the preparation and report of a Pre-Sentence Investigation (PSI), the court sentenced Petitioner Dean to a term of 135 months imprisonment on December 20, 2004. (R-28).  Petitioner Dean filed no appeal of his sentence.  On December 22, 2005, Petitioner Dean timely filed under his signature date a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-40).

## Petitioner's § 2255 Claims

In **Ground One,** Petitioner Dean alleges that he requested that his attorney, Michael Garner, file a notice of appeal after the jury announced its verdict of guilty and again

requested counsel file an appeal after sentencing. Petitioner alleges that "counsel failed to do so (and) as a result of counsel's failure, Movant was deprived of an appeal of his case to the United States Court of Appeals for the Eleventh Circuit."

### Evidentiary Hearing

In *Montemoino v. United States,* 68 F. 3d 416 (11th Cir. 1995) the Court held:

> This Court has long held that an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal. See e.g., Gray v. United States, 834 F. 2d 967 -68 (11th Cir. 1987).
> A defendant is prejudiced when his attorney fails to file an appeal after being requested to do so (even though the defendant pled guilty), and is entitled to an out-of-time appeal in such case, whether or not he has made a showing of viable grounds for an appeal. *Martin v. United States,* 81 F.3d 1083,1084 (11th Cir. 1996).

Inasmuch as Petitioner Tucker has alleged that he requested his counsel file a direct appeal, a factual determination must be made as to whether Petitioner made a timely request that his counsel do so. Therefore, an evidentiary hearing was required and held on June 6, 2006, with new counsel appointed to assist Petitioner in his Motion. The evidence at said hearing established that Petitioner made a timely and unequivocal request for an appeal of his conviction and sentence, verbally and in writing (Pes.Exh.1). The Government conceded that the request for appeal had been timely made, that counsel Garner had failed to filed a Notice of Appeal, and that Petitioner was entitled to an out-of-time appeal. The district court is mandated to set aside Petitioner's present sentence, re-sentence the Petitioner, so that he

have opportunity to file a timely notice of appeal. *Montemoino v. United States,* 68 F. 3d 416 (11th Cir. 1995).

At the evidentiary hearing, Petitioner's former trial counsel, Michael Garner, testified that he had been retained by the Petitioner's father, who had come to his office with Petitioner's mother immediately after Petitioner's sentencing and requested that an appeal of Petitioner's sentence be filed on Petitioner's behalf. Petitioner Garner stated that he felt that the decision to appeal the conviction and sentence was Petitioner Dean's to make himself. However, counsel Garner testified that he neglected to go to the jail and discuss the appeal with Petitioner Dean. As much interest as had been shown in an appeal, counsel was under a duty to consult with Petitioner Dean about appealing his conviction and sentence. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 1036 (2000) (Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, for example, because there are nonfrivolous grounds for appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing). The Eleventh Circuit Court of Appeals has long held that an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, *even without a showing that there would have been any viable grounds for an appeal.* (emphasis added). See e.g., Gray v. United States, 834 F. 2d 967-68 (11th Cir. 1987).

Counsel Garner was asked if he had received on July 8, 2004, the district court's form advising all retained counsel to anticipate direct appeal in making their fee arrangements. He

3

stated that he had and added that, as he understood it, it was a mandate of the Eleventh Circuit Court of Appeals. He then added that, however, he ignored it in every case.

WHEREFORE IT IS RECOMMENDED that Petitioner Dean's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be GRANTED; that his sentence then be re-imposed; that Petitioner be advised of all rights associated with appeal from his criminal sentence re-imposed; and that, thereafter, he be advised that the time for filing a Notice of Appeal from his re-imposed sentence is ten (10) days. *See United States v. Phillips,* 225 F.3d 1198, 1201 (11th Cir. 2000). Understanding that District Judge Land may or may not adopt this recommendation, the undersigned nevertheless, on the possibility that the recommendation will be adopted, has ordered that Petitioner Dean be retained in confinement in this District to expedite further proceedings, if any.

IT IS FURTHER RECOMMENDED that attorney Michael Garner be sanctioned for intentionally ignoring the district court's written order to anticipate direct appeal, and ignoring the mandate of the Eleventh Circuit Court of Appeals in every case regarding anticipation of direct appeal by retained counsel.

SO RECOMMENDED this 6th day of June 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE